## James, Auditor v. Plummer.

(Decided May 24, 1912.)

### Appeal from Franklin Circuit Court.

Tax Deeds—Conditions and Prerequisites.—Where the only irregularity, in a sale of land for taxes, is a discrepancy between the quantity actually sold and that reported sold by the sheriff, the quantity actually sold being ascertainable from the officer's report of sale, the sale was valid, and the purchaser thereat is entitled to a conveyance to him by the Auditor of the actual number of acres sold.

JAMES GARNETT, Attorney General, JAS. D. BLACK, First Assistant Attorney General for appellant.

T. G. STUART, HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

For the years 1897 and 1898, a tract of land in Perry County, Kentucky, was listed for taxation in the name of W. H. Mitchell. Said tract contained 30,200 acres, and was made up of 151 patents of 200 acres each, numbered 47,962 to 48,113, inclusive. The taxes were not paid. After due advertisement, as directed by statute, this land was sold at public sale by the sheriff of Perry County for $268.10, the amount of taxes due thereon. The Commonwealth became the purchaser at this sale. In his report of sale, the sheriff described this land as containing 3,200 acres, instead of 30,200 acres. The owner failing to redeem, the Commonwealth, through its revenue agent, A. M. Harrison, under the direction of the Auditor of Public Accounts, caused said land to be advertised and sold at public sale on January 12, 1903. At said sale, J. L. Plummer became the purchaser thereof for $268, the amount of the taxes due for the years 1897 and 1898, with interest, penalties and commission. Because of some irregularity in the sale, or rather in the report of sale, by Harrison, the revenue agent, the same

property was again sold on November 9, 1903 by M. J. Holt, agent and attorney in fact for George H. Alexander, revenue agent for the state at large, when Plummer again became the purchaser thereof, at the price of $268, in addition to the costs, commissions and expense of the sale. The purchaser paid the purchase price and demanded of the Auditor a deed for the land so purchased by him. The Auditor was willing to make a deed for 3,200 acres, this being the amount of land reported sold by the sheriff, but was unwilling to make conveyance for 30,200 acres, the amount of land actually sold by the sheriff. Thereupon the said J. L. Plummer instituted suit in the Franklin circuit court against the Auditor, setting forth the facts in detail, and sought by mandatory process, to have the Auditor convey him the 30,200 acres of land. A demurrer was filed to this petition and overruled. The defendant declined to plead further, and judgment was rendered granting the prayer of the petition.

This appeal calls in question the correctness of that judgment. The demurrer admits as true, the allegations of the petition, and from it, it is clearly shown that the sheriff in fact sold 30,200 acres of land, listed as the property of W. H. Mitchell in satisfaction of taxes due thereon for the years 1897 and 1898. All the steps leading up to this sale were regular. In his report of sale, by an error which is apparent, he omitted a cipher after the "3," so that while he sold 30,200 acres, his report called for only 3,200 acres. But, inasmuch as this land was further described as 151 patents of 200 acres each, the error is apparent. Later, when the land, which had been bought in by the sheriff for the State, was sold by the revenue agent, it was described as containing 30,200 acres and so advertised. The proceedings by the revenue agent were regular, and appellant should have conveyed to the purchaser the 30,200 acres purchased by him, and disregarded the error made by the sheriff in his report of sale at the time this land was purchased by the State. The petition stated a cause of action, which clearly entitled the plaintiff to the relief sought, and the trial judge correctly so held.

Judgment affirmed.